# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ROBERT CURTIS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SCHOLARSHIP STORAGE d/b/a )<br>Business As Usual, et al., )<br>)<br>Defendants. | Docket No. 2:14-cv-303-NT |

## ORDER ON CERTIFICATION OF SETTLEMENT CLASS

The Plaintiffs Robert Curtis and Benjamin Krauter brought this hybrid collective and class action on behalf of themselves and on behalf of other similarly situated individuals who were working for or had worked for Business As Usual ("**BAU**"). Complaint (ECF No. 1). The Plaintiffs allege that BAU had misclassified them and other similarly situated delivery and shuttle drivers as independent contractors rather than employees. In particular, the Plaintiffs alleged that as a result of the misclassification, they had borne expenses which should have been borne by BAU, that they had not been paid for all hours worked, and that on occasion they were due overtime for weeks in which they worked in excess of 40 hours. Complaint ¶ 1. The Plaintiffs claimed that the misclassification and alleged failure to pay them properly violated the Fair Labor Standards Act, 29 U.S.C. § 207 et seq., and Maine's wage and overtime laws, including 26 M.R.S.A. §§ 626, 629, 664, and 667.

The Plaintiffs filed a motion for conditional certification of the FLSA claims and I conditionally certified the FLSA collective. Order on Pls.' Mot. for Conditional

Certification (ECF No. 36). Following the exchange of written discovery, the parties have notified me that they have reached a settlement for all the claims. Now before me is the Plaintiff's motion for certification of a settlement class.

## DISCUSSION

I.  **Certification**

  A.  **Rule 23 Class Actions**

   1.  **Legal Standard**

A party seeking class certification must first demonstrate that all requirements of Federal Rule of Civil Procedure 23(a) are satisfied. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2548 (2011). These requirements are:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Next, the named plaintiffs must show that the class is maintainable under one of the types of class actions described in Rule 23(b). *Dukes*, 131 S. Ct. at 2548. "To qualify for certification under Rule 23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites: Common questions must 'predominate over any questions affecting only individual members'; and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.' " *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (quoting Fed. R. Civ. P. 23(b)(3)).

        **a.**     **Rule 23(a) Requirements**

The class meets the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy.

        **i.**     **Numerosity**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." " 'Impracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Advert. Specialty Nat. Assoc. v. Fed. Trade Comm'n*, 238 F.2d 108, 119 (1st Cir. 1956). Here, there are approximately 60 class members. *See* Master Schedule of Payments (ECF No. 60-1). Where 40 or more employees are affected, the courts generally have found the numerosity requirement of Rule 23 to have been met. *See, e.g., Coffin v. Bowater, Inc.*, 228 F.R.D. 397, 402 (D. Me. 2005); *see also* William B. Rubenstein, *Newberg on Class Actions* § 3:12 (5th ed. 2014) ("As a general guideline, . . . a class of 40 or more members raises a presumption of impracticability of joinder based on numbers alone."). Plaintiffs need to show only that it is difficult or inconvenient to join all members of the class, not that it is impossible to do so. *Cent. States Se. and Sw. Areas Health and Welfare Fund v. Merck-Medco Managed Care, LLC*, 504 F.3d 229, 244-45 (2d Cir. 2007). In the instant case, there are 60 members in the proposed class of employees; they live throughout Maine and in several different states. The Plaintiffs have satisfied the numerosity requirement.

### ii. Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." In other words, the class members' "claims must depend upon a common contention." *Dukes*, 131 S. Ct. at 2551. The Supreme Court has explained that the "common contention . . . must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* The Plaintiffs allege that because they were all unlawfully classified as independent contractors, they were all subjected to the same policies and practices with respect to their pay. The Plaintiffs have satisfied the commonality requirement.

### iii. Typicality

Rule 23(a)(3) requires "that the claims or defenses of the representative parties are typical of the claims or defenses of the class." Typicality is satisfied when the representative plaintiff's "injuries arise from the same events or course of conduct as do the injuries of the class and when plaintiff's claims and those of the class are based on the same legal theory." *In re Credit Suisse-AOL Sec. Litig.*, 253 F.R.D. 17, 23 (D. Mass. 2008).

In the instant case, named Plaintiffs Curtis and Krauter are or were drivers for BAU who contend that they were misclassified as independent contractors and as a result paid less than they should have been. The question of whether the drivers were employees or independent contractors are questions common to the class representatives and the prospective class. The interests of the named plaintiffs align

4

with the members of the class they seek to represent. The Plaintiffs Curtis and Krauter have established typicality with respect to the class.

### iv. Adequacy

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." The adequacy requirement "serves to uncover conflicts of interest between named parties and the class they seek to represent," and "factors in competency and conflicts of class counsel." *Amchem Prods., Inc.*, 521 U.S. at 625, 626 n.20. There are three factors to consider when determining whether this requirement has been met. First, plaintiff's attorney must be qualified, experienced and generally able to conduct the proposed litigation. Second, the representative plaintiff cannot have interests antagonistic to the class. Third, the representative party and the representative attorney must be expected to prosecute the action vigorously.

The Plaintiffs are represented by attorneys Jeffrey Neil Young and Phillip Johnson and the firm of Johnson, Webbert & Young, LLC. Attorney Young has practiced labor and employment law for over 30 years and attorney Johnson has been practicing law for over 40 years. Declaration of Jeffrey Neil Young, ¶¶ 2, 4, 10, 11-12 (ECF No. 17-2). Attorney Young has represented plaintiffs in a number of class and collective action lawsuits.

A class representatives cannot have interests which are antagonistic or in conflict with the interests of the class it is seeking to protect. *Payne v. Travenol Laboratories, Inc.*, 673 F.2d 798, 810 (5th Cir. 1982). In the instant case, the class representatives are in the same position as other class members. Named Plaintiffs

Curtis and Krauter, like the other members of the class, are and were both drivers who were subject to the same pay and working conditions and were both misclassified as independent contractors rather than employees. There is no evidence of adequacy-defeating conflicts of interest, such as differences in the type of relief sought, a theory of law or fact that benefits some class members, but harms others, or a scenario where some class members benefit from the defendant's conduct. *See* Rubenstein, *supra*, § 3:58.

With respect to vigorous prosecution of the case, counsel have a great deal of experience in the area of labor and employment law actions and are qualified to handle the instant matter. Curtis and Krauter have taken an active and zealous role in the prosecution of this action; in particular, Curtis has met with counsel on numerous occasions and attended two days of mediation. Neither of the class representatives settled his claims without settling the claims of all of the members of the class. Extensive discovery was exchanged, including interrogatories and document production requests by both parties in addition to the disclosures. Therefore, the instant action is in a form capable of judicial action, thereby satisfying the requirements of Rule 23(a)(4). *Zeidman*, 651 F.2d at 1043. There appears to have been a willingness of the class representatives to take an active role in the litigation and to protect the interests of the absentees. The adequacy requirement is therefore met for the class.

### b. Rule 23(b)(3) Requirements

As discussed above, once a plaintiff has established the Rule 23(a) prerequisites, the Court must also find that common questions predominate over any

individual questions, and that handling the matter as a class action is superior to other methods of resolving the controversy. Fed. R. Civ. P. 23(b)(3). This analysis includes consideration of

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).[1]

Certification under Rule 23(b)(3) is proper in this case because all of the major issues of law and fact are common to the class, and, because, given the nature of the claims, a class action is the best method for fair and efficient adjudication of this controversy. Here, the predominant issue in this case is whether the drivers are independent contractors rather than employees for purposes of 26 M.R.S.A. §§ 626, 629, and 664. Although damage awards will vary among individual class members depending on the amount of time worked, those individualized factual determinations are not predominance-defeating, particularly where they are easily resolved with the Defendant's payroll records. *See Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 40 (1st Cir. 2003) ("Common issues predominate where individual factual determinations can be accomplished using computer records, clerical assistance, and objective criteria—thus rendering unnecessary an evidentiary hearing on each claim."). The issues here are amenable to general, class-wide resolution.

---

[1] The Court does not examine the Rule 23(b)(3)(D) factor here because these are settlement classes and there are no trial management issues to consider. *See Amchem Prods.*, 521 U.S. at 620.

The superiority requirement of Rule 23(b)(3) is also satisfied here. The class members do not have any interest in individual control by prosecuting separate actions. There is no evidence that the individual members have instituted other actions and 26 plaintiffs have opted into the collective action. I note that each individual claim is relatively modest. Most of the class members reside in Maine, so concentrating the action in Maine makes sense.

A class action is also a superior method for adjudicating both the state law claims and the federal claims because it will resolve the claims at issue in a single, consolidated proceeding. Requiring multiple, near-identical suits would create an unnecessary burden for class members and the courts. It makes sense to concentrate this litigation in this forum, as I am already familiar with the underlying facts and theories of the case. I am not aware of any pending individual litigation by any member of the proposed classes, nor has there been any indication that individual class members have an interest in bringing separate actions. Many class members will only be entitled to small sums, making it less likely that they would pursue claims on an individual basis. The Plaintiffs have satisfied the predominance and superiority requirements in Rule 23(b)(3).

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion to Certify the Class.

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 25th day of January, 2016.