UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT CURTIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Docket No. 2:14-cv-303-NT |
| ) | |
| SCHOLARSHIP STORAGE d/b/a ) | |
| Business As Usual, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AUTHORIZING NOTICE TO CLASS AND ESTABLISHING
SCHEDULE FOR FURTHER ACTION**

In July 2014, the Plaintiffs Robert Curtis and Benjamin Krauter brought this hybrid collective and class action on behalf of themselves and on behalf of other similarly situated individuals who were working for or had worked for the Defendants Business As Usual and Michael Williams (collectively "**BAU**"). The Plaintiffs alleged that BAU had misclassified them and other similarly situated delivery and shuttle drivers as independent contractors rather than employees. In particular, the Plaintiffs alleged that as a result of the misclassification, they had borne expenses which should have been borne by BAU, that they had not been paid for all hours worked, and that on occasion they were due overtime for weeks in which they worked in excess of 40 hours. Complaint ¶ 1. The Plaintiffs claimed that the misclassification and alleged failure to pay them properly violated the Fair Labor Standards Act, 29 U.S.C. §207 et seq., and Maine's wage and overtime laws, including 26 M.R.S.A. §§ 626, 629, 664, and 667. The parties have agreed to settle the case with BAU agreeing

to pay or cause to be paid $450,000.00 to the class members and class counsel, in full satisfaction of the claims as more specifically described in the Settlement Agreement.

The Plaintiffs have moved for an order approving their notice to the class and for me to set the date for the final fairness hearing.[1] In support of their request for authorization of the class notice, the Plaintiffs have filed a memorandum of law, the Declarations of Jeffrey Neil Young, Robert Curtis, Robert Lowell, and Benjamin Krauter, and the settlement agreement between the Plaintiffs and the Defendants. To ensure proper notice is provided to class members in accordance with due process requirements; and to conduct a final approval hearing as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, I HEREBY MAKE THE FOLLOWING DETERMINATIONS AND ORDERS:

1. It appears that significant informal discovery, investigation, research, and litigation have been conducted such that counsel for the parties at this time are able to reasonably evaluate their respective positions. It further appears that settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation. It also appears that the proposed Settlement Agreement has been reached as the result of intensive, informed and non-collusive negotiations between the parties.

---

[1] The Plaintiffs have also moved for preliminary approval of their class action settlement. As is customary in this district, I will reserve the determination of the proposed settlement's fairness, reasonableness and adequacy until the final fairness hearing. *See Michaud v. Monro Muffler Brake*, Inc., No. 2:12–cv–00353–NT, 2015 WL 1206490, *8 (D. Me. March 17, 2015); *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 236 F.R.D. 53, 55-56 (D. Me. 2006).

2. The Court finds that the Notice of Proposed Class Action Settlement (the "Notice") advises of the pendency of the litigation and of the proposed settlement, of the timing and procedures for Class Members to request exclusion from the Class and the Settlement (i.e., to opt out), and of the Final Approval Hearing. These documents fairly and adequately advise Class Members of: the terms of the proposed Settlement and the benefits available to Class Members thereunder; their right to request exclusion from (or to "opt-out" of) the Class and the procedures for doing so; their right to file documentation in support or in opposition to the Settlement and procedures for doing so; the date, time and location of the Final Approval Hearing; and the procedures that Class Members must follow to be heard at the Final Approval Hearing. The Court further finds that said Notice comports with all Constitutional requirements including those of due process. Accordingly, good cause appearing, the Court hereby authorizes the proposed Notice of Proposed Class Action Settlement.[2]

3. The Court finds that mailing the Notice to the present and/or last known addresses of the Class Members constitutes an effective method of notifying Class Members of the Litigation, the proposed Settlement, and their rights with respect to it. ACCORDINGLY, IT IS HEREBY ORDERED that, within

---

[2] The Plaintiffs proposed a notice form. Since that notice was proposed, the parties have entered into a revised Settlement Agreement requiring changes to the notice form and I have made some additional changes to the proposed notice form. It is the attached Notice of Proposed Class Action Settlement that is notice form authorized for distribution.

10 calendar days of entry of this Order, Class Counsel shall cause to be mailed to each Class Member, by first class, postage pre-paid, the Notice. All mailings shall be made to the present and/or last known mailing address of the Class Members based on records obtained from BAU, as well as addresses that may be located by the Plaintiffs, who will conduct standard address searches in cases of returned mail. The Court finds that the mailing of notices to Class Members as set forth in this paragraph is the best means practicable by which to reach Class Members and is reasonable and adequate pursuant to all constitutional and statutory requirements including all due process requirements.

4. IT IS FURTHER ORDERED that (a) all requests for exclusion ("opt-out requests") must be mailed to Class Counsel in the form described in the Notice and must be postmarked by 45 days after the date the Notice is postmarked to the class members; and (b) all objections to final approval of the Settlement must be filed with the Court and must be postmarked by 45 days after the date the Notice is postmarked to the class members.  IT IS FURTHER ORDERED that the Final Approval Hearing shall be held before the undersigned on April 4, 2016 at 10:00 a.m. in Courtroom 2 at the Edward T. Gignoux United States Courthouse, 156 Federal Street, Portland, Maine 04101, to consider the fairness, adequacy and reasonableness of the proposed Settlement preliminarily approved by this Order, and to consider the application of Class Counsel Johnson Webbert & Young, LLP for an award of reasonable attorneys'

fees, litigation expenses, and for costs of claims administration incurred (provided that, pursuant to the terms of the Settlement Agreement, any such award shall come out of the Settlement Amount).

5. IT IS FURTHER ORDERED that all briefs in support of the proposed Settlement and fee and cost applications shall be served and filed with the Court on or before March 23, 2016.

6. IT IS FURTHER ORDERED that any party to this case, including Class Members, may appear at the Final Approval Hearing in person or by counsel, and may be heard to the extent allowed by the Court, in support of or in opposition to, the Court's determination of the good faith, fairness, reasonableness and adequacy of the proposed Settlement, the requested attorneys' fees and litigation expenses, and any Order of Final Approval and Judgment regarding such Settlement, fees and expenses.

7. IT IS FURTHER ORDERED that in the event of final approval of the class action settlement and upon payment of all settlement funds as called for by the Settlement Agreement, all Class Members, except those who have requested exclusion from the settlement, and their successors shall conclusively be deemed to have given full releases of any and all Released Claims against BAU and the other Released Parties, and all such Class Members and their successors shall be permanently enjoined and forever barred from asserting any Released Claims against any Released Party.

8.  IT IS FURTHER ORDERED that if, for any reason, the Court does not execute and file an Order of Final Approval, the proposed Settlement Agreement and the proposed Settlement subject of this Order and all evidence and proceedings had in connection therewith, shall be without prejudice to the status quo ante rights of the parties to the litigation as more specifically set forth in the Settlement Agreement.

9.  IT IS FURTHER ORDERED that, pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed.

SO ORDERED.

                                              /s/ Nancy Torresen
                                              United States Chief District Judge

Dated this 25th day of January, 2016.