# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ROBERT CURTIS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Docket No. 2:14-cv-303-NT |
| | ) |
| SCHOLARSHIP STORAGE INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON FINAL SETTLEMENT APPROVAL AND ATTORNEYS' FEES**

Before the Court is a request for final approval of the settlement of all claims in this suit (ECF No. 83) and a motion for attorneys' fees and costs (ECF No. 84). For the reasons stated below, the settlement is **APPROVED** and the motion for attorneys' fees is **GRANTED**.

## BACKGROUND

This case concerns wages owed to delivery and shuttle drivers of Scholarship Storage d/b/a Business as Usual ("**BAU**") under the Fair Labor Standards Act (the "**FLSA**"), 29 U.S.C. §§ 207, 255, and under Maine law, 26 M.R.S. §§ 664(3), 629(1). Through negotiations, the parties agreed to settle their dispute in advance of trial. In January 2016 I authorized Plaintiffs to circulate notices of the proposed settlement to potential class and collective action members. Order Notice to Class and Establishing Schedule for Further Action (ECF No. 69).  In February 2016, after notice had been sent to the class, Plaintiffs' attorney notified me that he had failed to notify approximately 42 class members of the proposed settlement and that the

individual settlement computations sent to those class members were inaccurate. Letter from Jeffrey Neil Young Esq. (ECF No. 87). In March 2016, I authorized counsel to send an amended notice to the class. Counsel then appeared before me for a final fairness hearing on May 23, 2016. I must now decide whether to finally approve the settlement of all claims in this matter and whether to award attorneys' fees to Plaintiffs' counsel.

## DISCUSSION

### I. Settlement

#### A. Legal Standard

##### 1. Rule 23

Federal Rule of Civil Procedure 23(e) requires the following for approval of a class action settlement:

> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
> (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Fed. R. Civ. P. 23(e). The following factors are relevant for determining whether a settlement is "fair, reasonable, and adequate" under Rule 23(e)(2):

> (1) comparison of the proposed settlement with the likely result of litigation;
> (2) stage of the litigation and the amount of discovery completed;
> (3) reaction of the class to the settlement;
> (4) quality of counsel;
> (5) conduct of negotiations;
> (6) prospects of the case, including risk, complexity, expense and duration.

*Scovil v. FedEx Ground Package Sys., Inc.*, No. 1:10-cv-515-DBH, 2014 WL 1057079, at *2 (D. Me. Mar. 14, 2014).

### 2. FLSA

The settlement of FLSA claims requires either court approval or supervision by the United States Secretary of Labor in order for employees' waiver of their rights through settlement to be binding. *See Prescott v. Prudential Ins. Co.*, No. 2:09-cv-322-DBH, 2011 WL 6662288, at *1 (D. Me. Dec. 20, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)). A court may approve a FLSA settlement if it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355. The court's role is to ensure that the settlement "reflect[s] a reasonable compromise over issues . . . that are actually in dispute," rather than a pure discount on clearly-owed wages. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. The factors supporting approval of a Rule 23 settlement of state wage and hour claims may also support approval of a collective action settlement of FLSA claims. *See, e.g. Scovil*, 2014 WL 1057079, at *8.

    **B.**    **Application**

        **1.**    **Rule 23**

With respect to Rule 23(e) requirements: (1) notice has been directed to all potential class members who would be bound by the settlement; (2) a fairness hearing was held; (3) the parties have filed their settlement agreement and have confirmed that there are no additional agreements made in connection with the settlements; (4) there have been no previous class certifications under Rule 23(b)(3); and (5) no objectors have appeared.

With respect to the *Scovil* factors, I take the following into account in my determination of whether the settlement is "fair, reasonable, and adequate" as required by Fed. R. Civ. P. 23(e)(2).

        **a.**    **Comparison of Proposed Settlement with Likely Result of Litigation**

The total amount of the settlement in this case is $450,000. Plaintiffs assert that the potential recovery in this case is $283,000 to $850,000. Motion for Final Approval of Class Action Settlement (ECF No. 83). The class/collective action members will receive a total of $291,413.82 under the settlement agreement. Settlement Allocation Spreadsheet (ECF No. 85-2). The $291,413.82 figure reflects $258,413.82 in total actual wage loss, plus $33,000 in incentive and bonus payments.

This case was unusually challenging because of the lack of records and division among the courts about proof of damages for unreimbursed automobile expenses. The settlement amount takes into account potential weaknesses in Plaintiffs' case and the difficulty of proving damages. I find that the settlement fairly and reasonably

compensates employees for their lost wages given the challenges the class members would have were they to litigate their claims. This factor favors approval.

### b. Stage of the Litigation and Amount of Discovery Completed

The parties agreed to settle approximately sixteen months after Plaintiffs filed suit. Before agreeing to settle, Plaintiffs filed an initial complaint and the parties briefed the Motion for Conditional Certification of the FLSA Collective Action. The parties pursued some formal and informal discovery. Substantial discovery had been completed when settlement was reached. Both parties had answered written discovery; Defendants had provided documentation identifying the class members, routes, and wage and payroll information as well as documents concerning policies and procedures; and the named plaintiffs and 10 opt-ins had answered requests for the production of documents and interrogatories. November 16, 2015 Young Decl. ¶ 6 (ECF No. 60). Oral discovery had been discussed but not yet scheduled. November 16, 2015 Young Decl. ¶ 7. While the parties did reach agreement before many of the complex issues were raised, I am satisfied that they had sufficient information about the strengths and weaknesses of the claims at issue to make informed decisions about settlement. This factor favors approval.

### c. Class Reaction

Plaintiffs sent notice of settlement to 101 current and former BAU delivery and shuttle drivers. May 11, 2016 Young Decl. ¶¶ 4-6 (ECF No. 85). Two notices were ultimately returned to Plaintiffs' counsel. May 11, 2016 Young Decl. ¶ 9. There have been no written objections to the settlement. One former employee appeared at the

fairness hearing to voice support for the settlement in person. Plaintiffs' attorneys and paralegals have spoken to 21 individuals about their individual allocations and/or contact information following the mailing of the settlement notice. May 11, 2016 Young Decl. ¶ 8. None of the 21 individuals who called objected to the settlement. This factor favors approval.

### d.   Quality of Counsel

Because this case settled early in the litigation, my experience with counsel has been largely limited to their briefing and appearances advocating for settlement. Counsel has been effective in their advocacy of settlement and responsive to my inquiries during the settlement process. They have committed time and resources to this suit. This factor favors settlement approval.

### e.   Conduct of Negotiations

Counsel explained at the fairness hearing that they engaged in two full days of arm's length mediation with retired Justice Warren Silver. Prior to the mediation, the parties had exchanged substantial financial information to evaluate potential liability. At the fairness hearing, the parties provided helpful details about the negotiation process. This factor favors settlement approval.

### f.   Prospects of the Case

This case involved substantial risk to Plaintiffs. To prevail on their wage and hour claims, Plaintiffs would have had to prove that they were employees and not independent contractors, and, without the benefit of records would have had to demonstrate reimbursable out-of-pocket expenses. Thus, there was a very real possibility that Plaintiffs might have recovered nothing in this case. Equally daunting

was the prospective expense and duration of the litigation. At the time the case settled, the litigation already had spanned almost one and a half years. Almost six years will have passed since the employees should have begun receiving reimbursement for their out of pocket expenses as drivers. It is reasonable to believe that another two years easily could transpire before this litigation is finally resolved, considering time for trial, potential post-trial motions, and appeal of the issues raised.

I find that the settlement accounts for the risks and likely costs associated with continued litigation. This factor weighs in favor of approval.

### 2. FLSA

In order to approve a FLSA settlement, I must determine that it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355. My analysis approving of the class action settlement supports approval of the FLSA settlement as well.

### 3. Service and Incentive Payments

Plaintiffs' attorney has proposed that lead Plaintiff Robert Curtis receive $6000 to reflect his time and efforts in the case, including having to take two unpaid days from work to attend the mediation as well as numerous meetings and phone calls. Plaintiffs' attorney also proposes to award opt-in Plaintiff Robert Lowell, who served as a de facto named plaintiff, $4000 for his services, which were similar in kind to Curtis. Plaintiffs' attorney further proposes to award Benjamin Krauter $2000 for his services as a named plaintiff. Although Mr. Krauter did not attend either of the two days of the mediation and was less active than Mr. Curtis and Mr. Lowell, he did agree to serve as a named plaintiff. In addition, counsel proposes that

7

each of the 21 opt-ins receive $1000 in recognition of the fact that they came forward when others did not, and most answered written discovery. I find these service payments to Mr. Curtis, Mr. Lowell, Mr. Krauter and the 21 opt-ins are appropriate in light of the time they devoted to the case and the significant role they played in motivating settlement.

## II. Attorneys' Fees

Under Rule 23(h), "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."[1] The First Circuit recognizes two general methods for awarding attorneys' fees in class actions: (1) the "percentage of fund" method; and (2) the "lodestar" method. Plaintiffs' counsel requests that I use the percentage of fund method to award the attorneys' fees in this case.

Plaintiffs' counsel has requested one third of the $450,000 settlement amount in attorneys' fees or $150,000 and $8,586.18 in costs. Plaintiffs' counsel has indicated that the legal services agreements with the class representatives and nine of the opt-ins provide for a contingent fee of one-third of the recovery. May 11, 2016 Young Decl. ¶ 16. A one-third contingent fee is common in wage-and-hour cases. *Scovil*, 2014 WL 1057079, at *5. I note that the costs do not include the expenses for sending out the amended notice and individual settlement calculations. Those costs are being paid by Attorney Young's firm as a result of an error on his part in not including 42 of the

---

[1] Attorneys' fees are also available through the FLSA. *See* 29 U.S.C. § 216(b).

8

101 class members in individual settlement calculations or the first notice of settlement in this case. May 11, 2016 Young Decl. ¶ 2.

In the almost two years since this case was filed, Plaintiffs' counsel has drafted the original complaint, conferred with Plaintiffs to gather facts and evidence, drafted and served discovery on BAU, performed damage calculations, and prepared for and engaged in settlement discussions. The fee petitions indicate that Plaintiffs' attorneys lodestar is approximately $278,000. May 11, 2016 Young Decl. ¶ 15. Plaintiffs' counsel performed this work on a contingent fee basis, assuming the risk that there would be no recovery and therefore no compensation. I find that Plaintiffs' counsels request for attorneys' fees and costs are reasonable.

### III. Class Action Fairness Act

Under the Class Action Fairness Act ("CAFA"), no later than 10 days after a proposed settlement of a class action is filed in court, the defendant is required to serve notice of the proposed settlement with the appropriate federal and state officials. *See* 28 U.S.C. § 1715(b). A court may not finally approve a settlement until 90 days after the delivery of such notice. *See* 28 U.S.C. § 1715(d).

Defense counsel have advised me that the appropriate state and federal officials have been notified. Defendants' Notice of Compliance with CAFA ¶¶ 3-4 (ECF No. 89). The parties have now reported that they have not received any objections to from state or federal officials. Defendants' Notice of Compliance with CAFA ¶ 5. Final approval is now appropriate because more than 90 days have passed since defense counsel sent the appropriate documents to the federal and state officials. *See* 28 U.S.C. § 1715(d).

9

## CONCLUSION

For the reasons stated above, I **APPROVE** final settlement of all claims in this matter and **GRANT** Plaintiffs' counsels' motion for attorneys' fees and costs (ECF Nos. 83 and 84).

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 31st day of May, 2016.